UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2016 OCT -7 PM 2: 51

S.D. OF N.Y.

_____

WILLIAM PRAILEAU,
A.M.P., an infant, by Parent;
Y.A.P., an infant, by Parent;
A.A.P., an infant, by Parent;
B.A.P., an infant, by Parent;
$10,000,000  ( IN REM );
          Plaintiff(s);


# CLAIM

Versus

## 16CV 7882

THE UNITED STATES,
THE STATE OF NEW YORK,
   THE COUNTY OF SCHENECTADY;
THE COUNTY OF ALBANY;
THE COUNTY OF NEW YORK;
THE CITY OF NEW YORK;
THE TOWN OF GLENVILLE;
GLENVILLE POLICE DEPARTMENT;
THE STATE UNIVERSITY OF NEW YORK AT ALBANY;
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION;
NEW YORK STATE DIVISION OF PAROLE;
KAREN DRAGO, Schenectady County Court Judge;
POLLY HOYE, County Judge, state of New York;
AMY BUROCK, Assistant District Attorney, Schenectady County;
Schenectady County Clerk;
Albany County Clerk;
NEW YORK STATE UNIFIED COURT SYSTEM;
PATRICIA O'MALLEY, Administrative Law Judge/ Division of Parole Administrator;
JANET VAZQUEZ, Parole Officer, New York State Division of Parole;
WILLIAM PAOLOZZI, Parole Officer, New York State Division of Parole;
KYLE REIF, Parole Administrator, Great Meadows Corrections Facility;
CRAIG APPLE, Albany County Sheriff,
HARRY BUFFARDI, Schenectady County Sheriff;
Superintendent,DOWNSTATE CORRECTIONAL FACILITY
Superintendent,MARCY CORRECTIONAL FACILITY
Superintendent,GOVERNOUR CORRECTIONAL FACILITY
Superintendent,CAPE VINCENT CORRECTIONAL FACILITY
Superintendent,GREAT MEADOW CORRECTIONAL FACILITY
Superintendent,SOUTH PORT CORRECTIONAL FACILITY
Superintendent,CAYUGA CORRECTIONAL FACILITY

Index #

_____

## PARTIES

Plaintiff WILLIAM PRAILEAU/PARTY-OF-INTEREST presents this claim and is the parent of the four infant plaintiffs whose rights have been violated

Defendents other than The United States are, upon information and belief, government actors, agents employees, municipalities, public officers, public servants and/or vessels thereof.

## JURISDICTION

This action arises under the United States (of America ) Constitution Amendments 1, 2, 4, 5, 6, 8, 13 and 14. In the absence of all other forms of jurisdiction, and

Jurisdiction of the court is further sought in an action to enforce a lien (pursuant 28 USCA Sec. 1655 ), collect on a note (pursuant USCA Sec. 1348), and examine issues relating to public vessels (pursuant 46 USCA Sections 31101 et seq ) and (pursuant 46 USCA Sections 30901 et seq). Wherever necessary, jurisdiction pursuant 28 USCA Sec. 1331 is sought to address federal questions. Diversity of citizenship pursuant 28 USCA Sec 1332 may apply, and if so , is self evident given the facts detailed herein. Further, where the court deems necessary, jurisdiction necessary for equal protection otherwise extended to federal citizens would be sought pursuant 42 USCA Sec. 1983.

Jurisdiction is also sought pursuant International Treaties acknowledging human rights to wit the United States has entered into an agreement and become a party thereof. These treaties include but are not limited to :

    a.  Universal Declaration of Human Rights;
    b.  Convention on the Prevention and Punishment of the Crime of Genocide;
    c.  Convention against Enforced Disappearance;
    d.  Convention on the Rights of the Child;
    e.  Optional Protocol to the Convention against Torture;

This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 9(h)).

Jurisdiction into this matter is also sought 18 USCA Sec. 1961-1968 (R.I.C.O.)

FEDERAL FOREIGN SOVEREIGN IMMUNITIES ACT 28 USCA 1602-11;

Jurisdiction is based on the admiralty jurisdiction of this court pursuant to 28 USCA §1333

Plaintiff also invokes supplemental jurisdiction of this court over Plaintiff's state claims against Defendents for common law violations pursuant 28 USCA Sec 1367 as the common law claim form part of the same case or controversy.

## VENUE

Venue is proper in this District pursuant to 28 USCA Sec. 1391

## SUMMARY OF FACTS

CLAIMANT alleges:

**1.** The name(s) and mailing address of each CLAIMANT/Plaintiff/Party-of-interest for the purposes of the CLAIM is that used by the Attorney-in-fact/Authorized Representative/Secured Party Creditor/Acting Agent/Party-of-Interest is:

      c/o  WILLIAM PRAILEAU
      8 East 109 Street
      New York City, state of New York  [zip code exempt :10029 ]

2. The nature of this CLAIM/COMPLAINT/PETITION/COMMERCIAL AFFIDAVIT is such that it contains the latest claims/injuries/torts/causes of action against defendents who are CONSPIRATORS, government actors, agents, employees, public officers, servants and/or vessels, acting jointly and severally with its municipalities and their actors, agents employees, public officers, servants and/or vessels respectively, operating en mass as an ENTERPRISE to the detriment of the CLAIMANT(S) and/or Party(s) of interest herein, by way of inter alia, fraud, kidnapping, conversion, extortion, false arrest, false imprisonment, malicious prosecution, abuse of process, interference of familial relationships, torture, extortion, undue influence, and other human rights abuses for the purposes of, upon information and belief, UNJUST ENRICHMENT and/or NULLIFICATION of LIABILITIES acquired hitherto in the original instance.

3. Plaintiff was wrongfully arrested, falsely imprisoned and directly restrained of his liberty by government actors in some capacity at times from August 9, 2006 through October 9, 2015, more than nine (9) years without due process of law, equal protection under the law or the opportunity to challenge the unlawful and illegal basis of the deprivation of the rights of liberty and pursuit of happiness in a supervisory court of law.

4. Plaintiff has been actively seeking redress against the defendants, government actors, agents, employees, public officers, public vessels and/or servants since the ninth (9th) day of August, Two Thousand Six (2006), but the defendants acting jointly and severally as an ENTERPRISE, has by way of conspiracy hitherto nullified all opportunities for redress.

5. The entire matter commenced on the ninth (9th) day of August, 2006, wherein two Town of Glenville Police Offiicer subjected Plaintiff/Party-of-Interest to POLICE BRUTALITY, tortureing, assaulting and battering Plaintiff WITHOUT CAUSE AND PRIMARARILLY AFTER being placed in handcuffs.

6. At that time Plaintiff did NOT have any record of a criminal history, was a former certified school teacher in two states, and business owner/entrepreneur by starting a WATCH, GUARD AND PATROL AGENCY.

7. Plaintiff/Party-of-Interest was also married, and one of the parents of four children, A.M.P., Y.A.P, A.A.P. and B.A.P, infants whose rights and lives have been violated by way of the conduct of the defendant government actors/ENTERPRISE.

8. The cover up of the police brutality began with the sworn allegations presented by Glenville Police Officers Timothy Mell and Brian Billa. Among the contrived charges was a felonious assault on a police officer charge wherein one of them suffered serious physical injuries.

9. Plaintiff never raised seven so much as a finger in an attempt to assault either Glenville Police Officer.

10. The contrived charges had the desired effect of provided the basis for detaining Plaintiff and allow the physical injuries sustained to heal inside of a cage maintained in the custody of Harry Buffardi, Schenectady County Sheriff, upon a bail of $10000.

11. The felonious assault charge alleging serious physical injuries conspicuous disappeared from the file maintained by a court clerk within Schenectady County after bail of Plaintiff/Party-of-interest was posted (see EXHIBIT _____ );

12. This was the beginning of the pattern of inter alia, wanton abuse of process, malicious prosecution, suppressing the truth of the events as they occurred and intentional infliction of emotional distress in the furtherance of conspiracy for ENTERPRISE objectives.

13. The time and place where these latest injuries stem from can be said to arose on the Twenty-Seventh (27th) day of January, Two Thousand Fourteen (2014), with the arrest seizure of the CLAIMANT(S) Party-of-interest on the campus of STATE UNIVERSITY OF NEW YORK at ALBANY (hereinafter SUNYA), located at 1400 Washington Avenue, city of Albany, county of Albany, state of New York.

14. CLAIMANT/PLAINTIFF, WILLIAM PRAILEAU, was at all times mentioned in this COMPLAINT was, a resident of the county of Bronx, state of New York.

**15.** Defendant JANET VAZQUEZ, is now and at all times mentioned in this complaint was a duly appointed qualified and acting probation officer for the NEW YORK STATE DIVISION OF PAROLE for the county of Bronx, state of New York.

16. On the 21st day of January 2014, Defendant JANET VAZQUEZ acting in her capacity as a probation officer / post release supervision officer issued and signed a purported warranted for the arrest and detention of CLAIMANT in which warrant she certified that CLAIMANT was a person convicted of a crime, that plaintiff was placed on probation/Post Release Supervision in the care of Defendant NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION (Hereinafter DOCCS ), and that Plaintiff had forfeited his probation.

17. A copy of the fraudulent/void arrest warrant is attached to this CLAIM, marked EXHIBIT A, and incorporated by reference.

**18.** On January 27th, 2014, pursuant to the purported warrant of arrest, defendant caused CLAIMANT/PLAINTIFF to be placed under arrest at SUNYA, in the city of Albany, state of New York , and handcuffed as a common criminal.

**19. No crime had been commited.**

**20.**     CLAIMANT WILLIAM PRAILEAU was then incarcerated in Albany County Correctional Facility (hereinafter ACCF) from the 27th day of January, 2014 until on or about the 24th day of April 2014.

**21.**     CLAIMANT WILLIAM PRAILEAU, was then transferred to the custody of New York State Department of Corrections and Community Supervision from on or about the 24th Day of April, 2014 until being released on the ninth (9th) day of October 2015.

**22.**     At all times therein, while in custody at ACCF and DOCCS, CLAIMANT was further confined and deprived of his rights to liberty, pursuit of happiness including parentage;

**23.**     The warrant for CLAIMANT's arrest was illegal and void for the reason that the defendant, as probation officer, was and is without authority to issue the warrant for the arrest and detention of plaintiff, and was and still is without authority to cause CLAIMANT to be arrested and detained;

**24.**     The certification in the warrant was false in that CLAIMANT/PLAINTIFF has NOT had a judgment entered against him involving a criminal matter;

**25.**     That there has never been a valid accusatory instrument filed against CLAIMANT/PLAINTIFF involving any crimes purported to be convicted of;

**26.**     Further the certification of the warrant is fraudulent/void on its face as it fails to provide all the hallmarks of prima facie evidence of a valid warrant.

**27.**     The pseudo-warrant further evinces CONVERSION of the CLAIMANT's property, as the name used therein has been changed/altered.

**28.**     The pseudo-warrant further demonstrates wanton/fraudulent use of the CLAIMANT's/PLAINTIFF's property by copying details /descriptions of the CLAIMANT/PLAINTFF (e.g. height, weight, etc…) but in the case of social security number, alter only one of the digits thereof ( changed the lone "3" into an "8").

**29.**     CLAIMANT at all times mentioned herein was falsely imprisoned and unlawfully detained by virtue of the illegal warrant of arrest issued by defendant.

**30.**     CLAIMANT at all times mentioned herein was falsely imprisoned and unlawfully detained by virtue of the illegal imposition of a purported order/judgment issued by Judge Polly Hoye at Schenectady County Court on the Eighteenth (18th) day of December, Two Thousand Seven (2007).

**31.**     That the order/judgment of Judge Polly Hoye was upon Indictment #B-207-1, presented by Defendant Assistant District Attorney AMY BUROCK as an indictment voted by a Grand Jury, but was a Superior Court Information (SCI) buttressed with fraudulent Grand Jury minutes.

**32.** That the fraudulent Indictment #B-207-1 was itself used by Defendant AMY BUROCK, of the Schenectady County District Attorney Office, in an effort to circumvent inter alia, speedy trial motions, due process and state constitutional provisions demanding prosecutors seek authority to pursue felonies by way of the people unless waived by the accused.

**33.** **NO SUCH WAIVER EXIST.**

**THIS ACTION HAS NECESSARILLY ENSUED**

**CAUSE(S) OF ACTION#1**

**( FALSE IMPRISONMENT )**

**34.** Parargraphs 1-33 are included herein as though fully setforth.

**35.** While at ACCF, Defendant PATRICIA O'MALLEY did present to Plaintiff/Party-of-interest herein documentation from the Clerk Office of the Schenectady County Court wherein NO SENTENCE HAD BEEN IMPOSED and that JUDGMENT was void on its face.

36. Yet in the furtherance of the conspiracy and the interest of the ENTERPRISE, Defendant PATRICIA O'MALLEY did issue a determination that Plaintiff/Party-of-interest be further deprived of his liberty for more than a year (see EXHIBIT_____ )

37. AGAIN, NO CRIME HAD BEEN COMMITTED.

**38.** By reason of the facts and circumstances set forth above, CLAIMANT/PLAITIFF was injured in his name, credit and reputation, prevented from pursuing his occupation, and compelled to pay fees for his defense, incur other costs and expenses, and compromise the parent-child relationship with his children by continuing interfering with among other things, his liberty interest and unlawful presence in his home, to damages in the sum of $100 Million dollars .

**39.** This is in ADDITION to at least $313 million dollars of related damages that had hitherto been suffered by CLAIMANT/PLAINTIFF, and complained of in a COMMERCIAL AFFIDAVIT, but conspicuously prevented from asserting the rights found in a NOTICE OF CERTIFICATE OF DEFAULT thereof by way of an ENTERPRISE CONSPIRACY to make it a physical impossibility to do so with continued deprivation of liberty.

**40.** The warrant issued by Defendant JANET VAZQUEZ was issued at the conclusion of a ninety (90) day grace period allowing government actors to rebut the sworn allegations maintained in a COMMERCIAL AFFIDAVIT dated and mailed 1st day of November, 2013 and they conspicuously failed to rebut any of the sworn allegations presented.

41. The aforementioned Commercial Affidavit was submitted to the State UCC Office along with a UCC financing statement form in Albany, New York.

42.     The false imprisoned has thus become a means to FURTHERnullify redress capacity of the CLAIMANT/PLAINTIFF as the state courts refuse to address the merits thereof and relief available via using the UCC is denied while in custody of defendants and punishable in state custody, to wit, Claimant/Plaintiff has been punished for attempting to at least timely preserve rights under the law.

## CAUSE(S) OF ACTION#2
## ( HELD BEYOND RELEASE DATE )

**43.**     Parargraphs 1-42 are included herein as though fully setforth.

**44.**     Even where the legality of the Probation/Post Release Supervision is not in issue, New York State Department of Corrections and Community Supervision (herein DOCCS_) detained CLAIMANT well beyond their own proported authority to do so.

**45.**     That the purposed authority DOCCS held CLAIMANT was for a three year Post-Release Supervision, at the direction of Judge Polly Hoye of Schenectady County Court, decision/order issued on the Eighteenth (18th) of December, Two Thousand Seven (2007);

**46.**     That enforcement of the purposed POST RELEASE SUPERVISION commenced on the Seventh (7th) day of May, Two thousand twelve (2012).

**47.**     That Post Release Supervision necessarily concluded on or about the Seventh (7th) day of May, Two Thousand Fifteen (2015).

**48.**     That the time owed was determined before custody was acquired by DOCCS (see attached EXHIBIT ____, demanding a release date in May 2015.

**49.**     That a MAY 2015 RELEASE DATE was discussed in ALBANY COUNTY CORRECTIONAL FACILITY by Patricia O'Malley, New York State Division of Parole Administrative Judge / Hearing Officer.

**50.**     **CLAIMANT** WILLIAM PRAILEAU was not released from the custody of DOCCS until the ninth (9th) day of October, Two Thousand Fifteen (2015).

**51.**     That DOCCS was put on NOTICE that the OCTOBER 9TH, 2015 RELEASE DATE WAS INCORRECT before the lapse in the purported authority;

**52.**     That these actions are part of a policy of wanton delay of release as DOCCS previously exercised similar conduct in failing to release Plaintiff/Party-of-interest on or about the 7th day of July 2011, and again on or about the 7th day of November 2011 but releasing white/gentile inmates under similar circumstances.

**53.**     **WHEREFORE** CLAIMANT requests,
a) **This court exercise jurisdiction over this controversy because every state court, including the supervisory appellate courts (3rd and 4th Departments) and state Court of Appeals have**

exercised fraud or refused to reach the merits of the case, upon information and belief, in the furtherance of the conspiracy and interest of the ENTERPRISE.

b) Judgment against the Defendants, jointly and severally for compensatory damages in the amount of $100 million; and

c) for punitive damages in the amount of $313 million;

d) or alternatively enforce the lien upon the state for $313 million for failing to rebut the COMMERCIAL AFFIDAVIT dated 1st day of November, 2013;

e) Costs of suit, and;

f) Such other and further relief as the court deems just and proper.

## CAUSE OF ACTION #3
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PAIN )

**54.**     Parargraphs 1-53 are included herein as though fully setforth.

**55.**     That at all times mentioned herein, DOCCS ADMINISTRATION and Division of Parole ADMINISTRATION ignored the NOTICES that the calcualations for release were incorrect.

**56.**     That typically such under circumstances, the release date is calculated via a computer program;

**57.     That in the instant case, the computer program was overrided, and an INCORRECT manual calculation was issued;**

**58.**     That this procedural double standard inflicts further injury to the CLAIMANT(S) and evinces a deliberateness / intentional / wanton desire to inflict iinjury.

**59.**     Because Defendants conduct in causing the false arrest and false imprisonment was in conscious disregard of Plaintiff's rights, so as to amount to a willful and intentional wrongdoing, Plaintiff is entitled to PUNITIVE DAMAGES.

**60.**     As a direct and proximate result of the malicious and outrageous conduct of Defendants as previously described, Plaintiff suffered and continues to suffer emotional distress, mental anguish and pain associated with being unlawfully incarcerated and separated from his family for so many years that it fractured his marriage irreconcilably caused irreparable harm to the parent-child relationship previously held with infant plaintiffs herein.  Loss of livelihood/income, dissolution of the business and injuries upon reputation only compounds the injuries suffered.

**61.     WHEREFORE CLAIMANT requests,**

a) Judgment against the Defendants, jointly and severally for compensatory damages in the amount of $100 million; and

b) for punitive damages in the amount of $313 million;

c) or alternatively enforce the lien upon the state for $313 million for failing to rebut the COMMERCIAL AFFIDAVIT dated 1st day of November, 2013;

d) Costs of suit, and;

e) Such other and further relief as the court deems just and proper.

## CAUSE OF ACTION #4 ( CONVERSION )

**62.**    Parargraphs 1-61 are included herein as though fully setforth

63. Plaintiff/Party-of-interest ownsowns or has the right to possess the personal property in question at the time of the interference;

64.    That the defendant intentionally interfered with the plaintiff's personal property (sometimes also described as exercising "dominion and control" over it);

65.    That the interference deprived the plaintiff of possession or use of the personal property in question; and

**66.**    That the interference caused damages to the plaintiff, with the most recent instance of this abuse by New York County District Attorney Office (activating a self-executing contract for $10 million dollar fee/penalty);

**67.    WHEREFORE CLAIMANT requests,**

a) Judgment against the Defendants, jointly and severally for compensatory damages in the amount of $100 million; and

b) for punitive damages in the amount of $313 million;

c) or alternatively enforce the lien upon the state for $313 million for failing to rebut the COMMERCIAL AFFIDAVIT dated 1st day of November, 2013;

d) Costs of suit, and $10 million dollar fee from self-executing contract/agreement;

e) Such other and further relief as the court deems just and proper.

## CAUSE OF ACTION #5 ( ABUSE OF PROCESS )

**68.**    Parargraphs 1-67 are included herein as though fully setforth.

**69.**    That Defendants by way of anENTERPRISE/conspiracy acting jointly and severally exercise improper use of the court's process;

70.    That Defendants by way of an ENTERPRISE/conspiracy acting jointly and severally exercise ulterior or improper motive of the defendant in exercising such illegal use of process;

71.    That damages resulted to the plaintiff from such abuse of process.

**72.    WHEREFORE CLAIMANT requests,**

a) **This court exercise jurisdiction over this controversy because every state court, including the supervisory appellate and state Court of Appeals has exercised fraud or refused to reach the merits in the furtherance of the conspiracy/ENTERPRISE.**

b) Judgment against the Defendants, jointly and severally for compensatory damages in the amount of $100 million; and

c) for punitive damages in the amount of $313 million;

d) or alternatively enforce the lien upon the state for $313 million for failing to rebut the COMMERCIAL AFFIDAVIT dated 1st day of November, 2013;

e) Costs of suit, and;

Such otherand further relief as the court deems just and proper.

## CAUSE  OF ACTION #6 ( MALICIOUS PROSECUTION )

**73.**       Parargraphs 1-72 are included herein as though fully setforth.

74. Upon information and belief, the charges initiated against claimant/Plaintiff was initiated by Defendant AMY BUROCK and fellow conspirators without probable cause for believing that claimant was guilty of the offense charged as the felony charges were legally insufficient on their face.

75. Upon information and belief, all such charges initiated against claimant were terminated in claimant's favor in Glenville Town Court.

76. As a consequence of the malicious prosecution byDefendants, claimant/Plaintff has been damaged, and demands compensatory damages and punitive damages.

**77.        WHEREFORE CLAIMANT requests,**
**f) This court exercise jurisdiction over this controversy because every state court, including the supervisory appellate and state Court of Appeals  has exercised fraud or refused to reach the merits in the furtherance of the conspiracy/ENTERPRISE.**
**g)** Judgment against the Defendants, jointly and severally for compensatory damages in the amount of $100 million;  and
**h)** for punitive damages in the amount of $313 million;
**i)** or alternatively enforce the lien upon the state for $313 million for failing to rebut the COMMERCIAL AFFIDAVIT dated 1st day of November, 2013;
**j)** Costs of suit, and;
     Such otherand further relief as the court deems just and proper.

## CAUSE  OF ACTION #7 ( DENIED ACCESS TO THE COURTS )

**78.**       Parargraphs 1-77 are included herein as though fully setforth.

**79.**       Defendant conspirators at SOUTHPORT CORRECTIONAL FACILITY refused to allow Federal Habeas Corpus Petitions to be mailed to the United States District Court sent multiple times therefrom beginning on or about the seventh (7th) day of May 2015;

**80.**       Because Defendants conduct in causing the false arrest, false imprisonment and continued detention even beyond their own basis for doing so, and was in conscious disregard of Plaintiff's rights, so as to amount to a willful and intentional wrongdoing, Plaintiff is entitled to PUNITIVE DAMAGES.

**81.**       As a direct and proximate result of the malicious and outrageous conduct of Defendants as previously described, Plaintiff suffered and continues to suffer emotional distress, mental anguish and pain associated with being unlawfully incarcerated and separated from his family for so many years that it fractured his marriage irreconcilably caused irreparable harm to the parent-

child relationship previously held with infant plaintiffs herein. Loss of livelihood/income, dissolution of the business and injuries upon reputation only compounds the injuries suffered.

**82.** . This policy exercised at SOUTHPORT CORRECTIONAL FACILITY is part of a statewide policy of proximate denial access to the courts by: a) refusing to timely file any paperwork submitted; or b) to refuse to provide the necessary documents required for relief in the original instance;

**83.** Some of offenses have already been submitted to courts previously, so that a timely record of these offenses can be traced in the history of the relief sought in New York Courts, both state and federal, and as such JUDICIAL NOTICE of the unrebutted affidavits and related evidence previously submitted is requested herein.

**84.** Upon the affidavits previously submitted to New York courts and the documents issued in response, it is a matter of STATE POLICY to exercise fraud in the furtherance of the interest of an ENTERPRISE to the detriment of the rights guaranteed under the Constitution of the United States (of America), and of the Human Rights guaranteed under the Treaties the United States has agreed to, including but not limited to:

**85.** **WHEREFORE CLAIMANT requests,**
a) **This court exercise jurisdiction over this controversy because every state court, including the supervisory appellate and state Court of Appeals has exercised fraud or refused to reach the merits in the furtherance of the conspiracy/ENTERPRISE.**
b) Judgment against the Defendants, jointly and severally for compensatory damages in the amount of $100 million; and
c) for punitive damages in the amount of $313 million;
d) or alternatively enforce the lien upon the state for $313 million for failing to rebut the COMMERCIAL AFFIDAVIT dated 1st day of November, 2013;
e) Costs of suit, and;
f) Such other and further relief as the court deems just and proper.

## CAUSE OF ACTION #8
## ( VIOLATION OF FOREIGN SOVEREIGN IMMUNITIES ACT )
## 28 USCA 1602-11

**86.** Parargraphs 1-75 are included herein as though fully setforth.
**87.** Upon information and belief, Defendants are classified as "public vessels" under federal statute.
**88.** Similarly, "WILLIAM PRAILEAU" can be classified as a "vessel", but is not a "public vessel" in the manner the Defendants are.
**89.** Details regarding Plaintiff/Party-of-interest arraignment has be filed with the New York State UCC Office, located at 99 Washington Avenue, 1 Commerce Plaza, city of Albany, state of New York.

**90.**    The foreign nature of this vessel is, upon information and belief, known to the Defendants, given their efforts to usurped the UCC provisions for such a violation.

**91.**    Defendants have seized property belonging to a foreign state within the meaning of the statute (see 28 USCA Sec 1603).

**92.**    Upon information and belief, this seizure was exercised as an attempt to obtain jurisdiction in the original instance. Pursuant 28 USCA 1605(b) , this conduct is forbidden.

**93.**    **WHEREFORE CLAIMANT requests,**

**g)** **This court exercise jurisdiction over this controversy because every state court, including the supervisory appellate and state Court of Appeals has exercised fraud or refused to reach the merits in the furtherance of the conspiracy/ENTERPRISE.**

**h)** Judgment against the Defendants, jointly and severally for compensatory damages in the amount of $100 million; and

**i)** for punitive damages in the amount of $313 million;

**j)** or alternatively enforce the lien upon the state for $313 million for failing to rebut the COMMERCIAL AFFIDAVIT dated 1st day of November, 2013**;**

**k)** Costs of suit, and;

**l)** Such other and further relief as the court deems just and proper.

## CAUSE OF ACTION #9 ( VIOLATION OF

## INTERNATIONAL HUMAN RIGHTS ABUSE STANDARDS )

**94.**    Paragraghs 1-93 are included herein as though full setforth.

**95.**    Some of the human rights violations Plaintiff/Party-of-interest has been subject to while in DOCCS CUSTODY includes but is NOT limited to: Moved to psyche ward after DEFEDNING MYSELF from a killer I was forced to live in a cell with, and thereafter forced to double bunk for more assaults and battery; denied visitation contact with family; denied phone call contact with family; denied timely mail with family; denied stationary purchases to have resources to contact family; denied nutritious sustenance; denied sufficient daily caloric inmate of sustenance; subject to mental health experiments;subject to electro-magnetic torture directed at the brain, psychopharmacuitals involuntarily administered in food, forced to remain naked for days on end in a cell without cause or explanation, correctional officers deprivation of meals at will, correctional officers pulling you out your cell and down the hallway out of camera line of sight to be assaulted and battered, subject to defamatory language & racial slurs by government staff, correctional officers coming into the cell to administer torture after protesting,investigating and attempting to redress the detention BEYOND THE LEGAL DATE ISSUED and suffering physical injuries therefrom, mental health staff visiting to provoke poor reaction by banging on cell cage on windows until you respond to their questions (a respectful decline of mental health services is not acknowledged), refusing to identify themselves and/or provide their official title, and threatening eternal detention by changing the classification status from INMATE to PATIENT, and simultaneously nullify all capacity to seek redress in any court of law as one's capacity to sue is unilaterally stripped from you.

**96.**    Each of the Defendant Superintendents at the facilities mentioned had a duty under the law to verify the nature of the paperwork issued to confirm the basis for the detention and each

categorically dismiss all semblance of such duty, upon information and belief, in the furtherance of the conspiracy and the interest of the ENTERPRISE.

**97.**     Instead, Plaintiff/Party-of-interest was kept isolated from the general inmate population, maintained in a SPECIAL HOUSING UNIT, and even then while at SOUTHPORT CORRECTIONAL FACILITY beyond the May 2015 presumed release date, isolated even further by being placed on an entire gallery alone or two to three additional inmates placed later and NO ONE providing a classification for the entire tier/gallery.

**98.**     Such conditions are likened unto pockets of hell on Earth, where the devil captives are not seen for what they are, but maintain a mask of statutory legitimacy where there is not an ounce of human dignity that remains unscaved. Who can make war with the Beast.

**99.     WHEREFORE CLAIMANT requests,**

**k) This court exercise jurisdiction over this controversy because every state court, including the supervisory appellate and state Court of Appeals has exercised fraud or refused to reach the merits in the furtherance of the conspiracy/ENTERPRISE.**

**l)**  Judgment against the Defendants, jointly and severally for compensatory damages in the amount of $100 million; and

**m)**  for punitive damages in the amount of $313 million;

**n)**  or alternatively enforce the lien upon the state for $313 million for failing to rebut the COMMERCIAL AFFIDAVIT dated 1st day of November, 2013;

**o)**  Costs of suit, and;

**p)**  Such other and further relief as the court deems just and proper.

## CAUSE OF ACTION #10 ( RESPONDEAT SUPERIOR LIABILITY )

**100.**     Parargraphs 1-99 are included herein as though fully setforth.

**101.**     A climate of hate is ever growing in the United States and its territories as those with the authority of the supreme law of the land turn a blind eye to the human right abuses suffered those on the land by police officers against those born with suntans who are commonly referred to as "African-Americans".

**102.**     Plaintiff/Party-of-interest has a rich heritage that includes but is not limited to: the kingdoms of West Africa, the family of the Pharoahs and of the sons of biblical Patriarch Abraham of Hebron.

**103.**     As a Hebrew of phenotypical African ancestry, this climate of human rights abuses and of hate conflicts with the laws of Heaven and Earth, and of Mosaic Law and the Scriptures related thereto, and all that is just and proper;

**104.**     The United States, as RESPONDEAT SUPERIOR, has a duty to ensure that anyone who traverses its jurisdiction maintain a minimum threshold level of human rights, beyond which federal intervention must be exercised.

**105.**     It is this kind of authority that has been exercised in the past to ensure that this demographic had equal rights in terms of access to school and desegregation in Little Rock, Arkansas.

**106.**     In failing to exercise the supervisory authority that is inherently a part of the very nature of a federal government, the climate of hate and of police brutality instances continues to steadily climb.

**107.**     Because the federal government is the supervisory authority of the state actors of New York, it has the potential for liability. Where the federal government been put on notice of these abuses and remains apatheic, constitutes at least negligence of the duties as the definitive national supervisory authority.

**108.**     **WHEREFORE CLAIMANT requests,**

**m)** **This court exercise jurisdiction over this controversy because every state court, including the supervisory appellate and state Court of Appeals  has exercised fraud or refused to reach the merits in the furtherance of the conspiracy/ENTERPRISE.**

**n)** Judgment against the Defendants, jointly and severally for compensatory damages in the amount of $100 million;  and

**o)** for punitive damages in the amount of $313 million;

**p)** or alternatively enforce the lien upon the state for $313 million for failing to rebut the COMMERCIAL AFFIDAVIT dated 1st day of November, 2013;

**q)** Costs of suit, and;

**r)** Such other and further relief as the court deems just and proper.

# **VERIFICATION**

State of New York        )

                              ) ss.:

County of ___New York___   )

    I, William Praileau, being duly sworn deposes and says:

That I am the Authorized Representative/Acting Agent of WILLIAM PRAILEAU, the plaintiff/claimant/petitioner in the above-entitled action;

That I have read the foregoing COMPLAINT/PETITION/CLAIM and knows the contents thereof;

That the same is true to his knowledge, except as to the matters therein stated to be alleged upon information and belief, and

That as to those matters he believes them to be true;

Deponent further says that the reason why this VERIFICATION is NOT made by the PLAINTIFF and is made by him is that the Plaintiff is, upon information and belief, a FOREIGN CORPORATION;

And the grounds of deponents belief as to all matters in the foregoing COMPLAINT/PETITION/CLAIM not therein stated to be upon his knowledge are based upon evidence including but not limited to documents issued by government agents, actors and/or employees.

_____
William Praileau
Sui Juris/Secured Creditor/Authorized Representative/Acting Agent

State of New York
County of New York

Sworn to before me this
29 day of September 20 16

ANTOINE GONZALEZ
Notary Public, State of New York
Reg. No. 04GO6343556
Qualified in New York County
Commission Expires June 13, 2020

STATE OF NEW YORK — EXECUTIVE DEPARTMENT — DIVISION OF PAROLE

NAME: **PRAILEAU, WILLIAM**          NYSID #: **9201226M**          DIN #: **07-A-7059**

## FIRST SUPPLEMENTARY VIOLATION OF RELEASE REPORT

### BRONX III AREA OFFICE
### 79 Alexander Avenue
### Bronx, New York 10454

### INTRODUCTION:
On 01/23/14, a Violation of Release Report was prepared by this writer, charging the subject with failure to report, changing his approved residence without knowledge of Parole Officer and failure to participate in anger management counseling.

### FURTHER DEVELOPMENTS:
On 01/27/14, the subject was arrested in Albany County, New York. He was taken into custody by SUNY Albany Campus Police while trying to register for class.

### ADDITIONAL CHARGES:
### CHARGE #4:
William Praileau violated Rule #3 of the Rules Governing Parole, in that on 01/27/14, he left the five (5) boroughs of New York City and went to Albany, New York without the permission of Parole Officer.

#### PRESENT STATUS

TIME ON PAROLE:     YEARS _____     MONTHS _____     DAYS _____

TIME OWED:     YEARS _____     MONTHS _____     DAYS _____

On 01/21/14, after case conference with SPO, Warrant #674288 was issued. On 01/27/14, NYS DOCCS Warrant was lodged against the subject. On 01/28/14, he was served with a 9011 and a copy of the Violation of Parole Report. The subject is currently incarcerated at Albany County Jail. On 02/06/14, a Preliminary Hearing was held and Probable Cause was found on Charge #1, Rule #2. The Final Hearing is scheduled for 02/18/14 at Albany County Jail.

J. Vazquez            Date            D. Santiago            Date
Parole Officer                        Senior Parole Officer

JV/am.

EXHIBIT A



Warrant # __674286__

# WARRANT FOR RETAKING AND DETAINING A PAROLED OR CONDITIONALLY RELEASED PERSON OR A PERSON RELEASED TO POST-RELEASE SUPERVISION AND/OR STRICT AND INTENSIVE SUPERVISION AND TREATMENT

TO ANY PAROLE OFFICER, PEACE OFFICER OR ANY OFFICER authorized to serve criminal or civil process and to the superintendent or other person in charge of any jail, penitentiary, lockup or other place of detention in the State of New York, any other state, or other jurisdiction:

Having reasonable cause to believe that     __Praileau, William__
                                                        Name

__9261226M__        __07A7059__     a person under the supervision of the New York State
NYSID#              DIN #

Division of Parole has violated his/her release agreement and/or conditions of strict and intensive supervision and treatment and/or has absconded, or is absent, absconded, or is unable to be located, at large, into criminal ways or company below, therefore pursuant to the provisions of Article 12-B of Executive Law and the Rules and Regulations of the Division of Parole, and/or Article 10 of the Mental Hygiene Law, I hereby order that said person be retaken and placed in detention to await the action of the Division of Parole or a court of competent jurisdiction and for so doing, this shall be your sufficient warrant.

Violation of Strict and Intensive Supervision ☐
and Treatment
Violation of Parole, Conditional Release or     ☒
Post-Release Supervision

NEW YORK STATE DIVISION OF PAROLE

Per: __D. Santiago, SPO__

Dated at: __Bronx, N.Y.__ 01/21/20 __14__

---

THIS IS A CERTIFIED COPY OF WARRANT ORIGINALLY ISSUED FOR:   __Praileau, William__

COUNTY OF __Bronx__ }
STATE OF NEW YORK }  S.S.:                    J. Vazquez, PO

On this __21st__ day of __January__ 20 __14__ before me came __J. Vazquez__ to me known to be __a Parole Officer__ of the New York State Division of Parole and attested that the above instrument is a certified copy of warrant originally issued.

MARCIAL ROSADO, JR. Notary Public
Notary Public, State of New York
No. 01RO4684927
Qualified in Bronx County
Commission Expires Aug. 31, 20__

Form 4012 (Rev: 6/07)

EXHIBIT B

NAME (PRINTED) ___Traileau, William  -  NYSID #9261226M___

| SEX Male | RACE Black American | DOB September 29, 1971 | |
|---|---|---|---|
| HGT. 5'8" | WGT. 190 lbs. | COLOR EYES Brown | COLOR HAIR Black |
| SOC. SEC. # 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 | ADDRESS/S LAST KNOWN OTHER | 239 Mount Hope Place, Apt. #2A Bronx, New York  10453 | |

OTHER IDENTIFYING DATA: SCARS, MARKS, TATOOS, ETC.

New York State Division of Parole
Bronx III Area Office
79 Alexander Avenue
Bronx, New York  10454
D. Santiago, SPO       (718) 402-7676
J. Vazquez, PO         (718) 402-6401

EXHIBIT C

EXECUTIVE DEPARTMENT · DIVISION OF PAROLE
CERTIFICATE OF RELEASE TO PAROLE SUPERVISION
DETERMINATE · POST-RELEASE SUPERVISION

SENTENCE:

NYSID NO. _092612201_

PRATT,EARL, William  07A7059  now confined in Great Meadow  who was convicted of  CPW 2(C), CPW 3(D), Assault

sentenced in the county of Schenectady at a term of this _____ County _____ Court, Judge _____ Noya _____ presiding on

the _14th_ day of _December 2007_ for the term of 0-0-0/3-0-0, 0-0-0/3-0-0, 0-0-0/2-0-0 the maximum term of such sentence

expires on the _17th_ day of _September_ , 20_13_, has agreed to abide by the conditions to which (he) (she)

has signed (his) (her) name below, and is hereby released by virtue of the authority conferred by New York State Law.

PRATT,EARL, William  07A7059 is additionally subject to a period of _3-0-0_ years Post-Release Supervision

which will commence on the release date of _5/7/12_ and (he) (she) will be under the legal jurisdiction of the

Division of Parole until the Post-Release Supervision maximum expiration date of _May 7_ _2015_

Date of Release: _05/07/2012_                                    APPROVED RELEASE ADDRESS:

Post-Release Supervision Period: _3-0-0_                          Schenectady City Mission
                                                                 425 Hamilton Street
Post-Release Supervision Maximum Expiration Date: _05/07/2015_    Schenectady, NY 12305

I, PRATT,EARL, William  07A7059 ........................ voluntarily accept Parole Post-Release supervision. I fully
understand that my person, residence and property are subject to search and inspection. I understand that Parole Post-Release
Supervision is defined by these Conditions of Release and by all other conditions that may be imposed upon me by the Board of Parole or
its representatives. I understand that my violation of these conditions may result in the revocation of my release.

CONDITIONS OF RELEASE

1. I will proceed directly to the area in which I have been released, and, within twenty-four hours of my release, make
my arrival report to the Office of the Division of Parole unless other instructions are designated on my release agreement.
PAROLE NYC - PO Salzburg, 314 Community at Albany Area Office, 40 North Russell Road.
ALBANY, NY 12206.     TELEPHONE: (518) 459-1071

2. I will make office and/or written reports as directed.

3. I will not leave the State of New York or any other State to which I am released or transferred, or any area defined
in writing by my Parole Officer without permission.

4. I will permit my Parole Officer to visit me at my residence and/or place of employment and I will permit the search
and inspection of my person, residence and property. I will discuss any proposed changes in my residence, employment or
program status with my Parole Officer. I understand that I have an immediate and continuing duty to notify my Parole Officer
of any changes in my residence, employment or program status when circumstances beyond my control make prior
discussion impossible.

5. I will reply promptly, fully and truthfully to any inquiry of or communication by my Parole Officer or other
representative of the Division of Parole.

6. I will notify my Parole Officer immediately any time I am in contact with or arrested by any law enforcement
agency. I understand that I have a continuing duty to notify my Parole Officer of such contact or arrest.

7. I will not be in the company of or fraternize with any persons I know to have a criminal record or whom I know to
have been adjudicated a Youthful Offender except for accidental encounters in public places, work, school or in any other
instance with the permission of my Parole Officer.

8. I will not behave in such manner as to violate the provisions of any law to which I am subject which provide for a
penalty of imprisonment, nor will my behavior threaten the safety or well-being of myself or others.

9. I will not own, possess or purchase any shotgun, rifle or firearm of any type without the written permission of my
Parole Officer. I will not own, possess or purchase any deadly weapon as defined in the Penal Law or any dangerous knife,
dirk, razor, stiletto, or imitation pistol. In addition, I will not own, possess or purchase any instrument readily capable of
causing physical injury without a satisfactory explanation for ownership, possession or purchase.

10. In the event that I leave the jurisdiction of the State of New York, I hereby waive my right to resist extradition to
the State of New York from any state in the Union and from any territory or country outside the United States. This waiver
shall be in full force and effect until I am discharged from Parole or Conditional Release. I fully understand that I have no
right under the Constitution of the United States and under laws to contest an effort to extradite me from another state in and
return me to New York and I freely and knowingly waive this right as a condition of my Parole or Conditional Release.

11. I will not use or possess any drug paraphernalia or use or possess any controlled substance without proper
medical authorization.

12. Special Conditions:
- I will seek, obtain, and maintain employment and/or an academic/vocational program.
- I will submit to substance abuse testing as directed by the PO.
- I will participate in a substance abuse treatment program as directed by the PO.
- I will participate in an alcohol abuse treatment program as directed by the PO.
- I will not consume alcoholic beverages.
- I will not frequent any establishment where alcohol is sold or served as its main
  business without the written permission of the PO.
- I will not operate any motor vehicle, apply for, renew, or possess any driver's license
  without the written permission of the PO.
- I will abide by a curfew established by the PO.
- I will participate in anti-aggression/anti-violence counseling as directed by the PO.
  FOR EMERGENCIES CONTACTED AFTER OFFICE HOURS: call 212-239-6159.
  Command Center staff will assist you.

13. I will fully comply with the instructions of my Parole Officer and obey such special additional conditions as
he or she, a Member of the Board of Parole or an authorized representative of the Division of Parole, may impose.

I hereby certify that I have read and that I understand the foregoing conditions of my release and that I have received
a copy of this Certificate of Release.

Signed this _4th_ day of _May_ 20_12_

Releasee: _William Pratt_  Witness: _K. M. , DRC_

3010PRS (12/00)

EXHIBIT D

# NOTICE of RIGHTS PENALTIES & FEES

**COMES NOW**, William-Robert: of the family Prateau, a natural man, in the custody of County Agents Albany County Sheriff at Albany County Correctional Facility, located at 840 Albany-Shaker Road, city of Albany, state of New York, detained and imprisoned therein upon a cause, the true nature of which government actors refuse to provide Evidence of within the meaning of the Federal Rules of Evidence and/or New York State Civil Practice Law and rules Article 45 and having previously asserted, reserved affirmed and reserved all rights in the previous hearings ORALLY, along with expressing the associated penalties and fees for unauthorized use of "PRATEAU WILLIAM", this written **NOTICE** is necessary and upon information and belief, government actors intend to use the personal property "PRATEAU, WILLIAM" of the Undersigned **WITHOUT AUTHORIZATION** on the fourth (4th) day of March 2014 at about 10:45 AM in a hearing, and will am-Robert; of the family Prateau is the sole, true and bonefide owner/master of the aforesaid personal property/vessel.

**PLEASE TAKE NOTICE** the natural man will am-Robert: of the family Prateau reiterates herein his announcement made in the previous hearings namely(i) THAT he **DOES NOT CONSENT** to any jurisdiction contract or agreement, expressed or hidden that involves PRATEAU, WILLIAM"; further (ii) **WAIVES** any proposed benefits extended by the government;

**PLEASE TAKE FURTHER NOTICE** that written NOTICE at the previous hearings has been obstructed by government actors who refused to allow the aforesaid natural man to possess any necessary legal supplies for such documentation and further refused to allow the aforesaid natural man any adequate opportunity to visit the law library prior to or between the scheduled February 6, 2014 and February 18, 2014 hearings.

**PLEASE TAKE NOTICE** to all parties involved in the conversion of the personal property of the Undersigned as he pretext to extort him and imprison him(upon the conclusion) upon information and belief, of the March 4th, 2014 hearing, a ten million dollar ($10,000,000) penalty/fee shall be assessed upon each actor individually and jointly as government actors for its wanton unauthorized commercial use, inter alia, other tort offenses involving both cause and vessel/property.

**PLEASE TAKE FURTHER NOTICE** public notice of ownership of the personal property in issue is available online and filed with the New York State Department of State

WITHOUT PREJUDICE,

_[signature]_

William-Robert: of the family Prateau am
Sui Juris, Attorney-in-Fact, Secured Party
Authorized Representative of "PRATEAU WILLIAM"

SWORN TO BEFORE ME THIS
**3rd** DAY OF **March**, 20 **14**

_[signature]_
NOTARY PUBLIC

BONNI J. DEADY
Notary Public, State of New York
Qualified in Albany County
Reg. No. 01DE6291472
Commission Expires October 15, 2017

EXHIBIT **E**